# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:18-CR-0092-LJO |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS OR SEVER** |
| v. | (ECF No. 70) |
| **LUIS REYNALDO REYES CASTILLO, et. al.,** | |
| **Defendants.** | |

On March 28, 2018, defendant Luis Reynaldo Reyes Castillo was arrested, made an initial appearance, and was detained in the district of Nevada on a complaint charging him and three others with assault with intent to commit murder, kidnapping, and discharging a firearm in relation to a crime of violence. *See* ECF No. 70-1 at 3 n. 1 (citing *United States v. Diaz-Orellana, et. al.*, D. Nev. No. 2:18-mj-0361-VCF) ("2018 Nevada Case")).

On April 26, 2018, the government filed the Indictment in this case, charging Reyes Castillo, Jose Audon Reyes Barrera, and Nilson Israel Reyes Mendoza with assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(3) and 2 (count 1) and conspiracy to commit assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(6) (count 2). ECF No. 11 ("EDCA Case").

Thereafter, the District of Nevada granted the government's motion to dismiss the charges in the 2018 Nevada Case against Reyes Castillo under Federal Rule of Criminal Procedure 48(a), and Defendant was transported from Nevada to Fresno to face the charges in this District. 2018 Nevada

1

Case, Docket Nos. 36, 39.

On May 23, 2018, Reyes Castillo entered an initial appearance in this District (in the EDCA Case) and was ordered detained. ECF No. 10. In an order filed March 6, 2019, this Court set a schedule for discovery, motions, and a joint jury trial starting June 2, 2020. ECF No. 52. Attorney Marc Days represents Reyes-Castillo in the EDCA Case. Mr. Days agreed to the June 2, 2020 trial date. ECF No. 63 (Reporters Transcript of proceedings held on Mar. 4, 2019 at 26:7).

On April 30, 2019, the government filed an indictment in the District of Nevada, charging Reyes Castillo and two other defendants, Miguel Torres-Escobar and David Arturo Perez-Manchame, with murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(1) and 2 (count one); using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (count two); and causing death through the use of a firearm in violation of 18 U.S.C. § 924(j) and 2 (count three). *See United States v. Reyes-Castillo, et. al*., D. Nev. No. 2:19-CR-0103-JCM ("2019 Nevada Case"), Docket No. 1. Counts one and three in the 2019 Nevada Case carry a possible death sentence. *See id*. at Docket No. 44 at 2. Attorney John Balazs represents defendant Reyes Castillo in 2019 Nevada Case as learned counsel along with lead counsel Richard Wright of Las Vegas, Nevada. *See id*. at Docket Nos. 34, 37.

In an order filed June 7, 2019, the district judge assigned to the 2019 Nevada Case approved the parties' proposed schedule for discovery, motions, and a jury trial to be set in the Fall of 2020. Docket 28 (attached as Exhibit A). The trial is estimated to last approximately eight weeks. Exh. A, at 8:4-5.

Defendant then moved, on November 4, 2019, under Federal Rule of Criminal Procedure 48(b)(3) to dismiss without prejudice the EDCA charges against him or sever those charges from the charges against his codefendants for later trial. ECF No. 70 at 5. Defendant does not dispute he is properly joined in the EDCA Case. Rather, Defendant seeks dismissal without prejudice or severance to "permit the defense to be able to fully consult with Reyes Castillo and prepare for the death penalty authorization process and a potential capital trial in the District of Nevada." *Id*. at 6. Defendant asserts

that the schedule of this matter must give way to the amount of work that will be required to prepare for the death penalty proceedings in Nevada.[1]

Defendant is requesting relief from the wrong court. Defense counsel agreed to the trial date in this case before the pending indictment was filed in Nevada. This Court does not have the time or resources to try the case before it twice. It is up to the District of Nevada to determine whether the circumstances, including the nature of the proceedings before it and the time required of counsel to prepare for the EDCA case, warrant any further modifications to the Nevada schedule.

IT IS SO ORDERED.

Dated: **January 10, 2020**        /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE

---

[1] The Court's review of the 2019 Nevada Case docket suggests that the District of Nevada may already have offered Defendant some relief there. *See* 2019 Nevada Case, Docket No. 44 (changing trial date to Spring 2021). Because Defendant did not withdraw his motion here, the Court assumes Defendant continues to seek scheduling relief here and therefore addresses the motion in an abundance of caution.