UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS REYNALDO REYES CASTILLO, et. al.<br><br>Defendants. | No. 1:18-cr-00092-NONE-SKO<br><br><u>ORDER DENYING WITHOUT PREJUDICE DEFENDANT CASTILLO'S MOTION FOR RECONSIDERATION OF ORDER DENYING HIS MOTION TO DISMISS WITHOUT PREJUDICE OR, ALTERNATIVELY, TO SEVER AND STAY CASE AS TO HIM</u><br><br>(Doc. Nos. 78) |

This matter is before the court on a motion to reconsider a previous order denying a motion to dismiss without prejudice or alternatively to sever and stay this case brought on behalf of defendant Luis Renaldo Reyes Castillo. (Doc. No. 78.) A hearing on the motion for reconsideration was held on March 13, 2020, at which Assistant U.S. Attorney Kimberly Sanchez appeared for the government and Attorneys Marc Days and John Balazs appeared for defendant Reyes Castillo. Attorney Virna Santos appeared on behalf of defendant Nilson Israel Reyes Mendoza, who joined in the motion to reconsider on the ground that defendant Reyes Castillo should be dismissed without prejudice or severed from this case for purposes of trial due to defendant Mendoza's desire to maintain the current June 2, 2020 trial date scheduled in this action. (Doc. No. 81.) Having considered the parties' briefing and evidence, and having heard from counsel, the court will deny defendant's motion for reconsideration without prejudice.

1

Defendant Reyes Castillo seeks reconsideration of the January 10, 2020 order of the previously assigned district judge denying defendant's motion to dismiss without prejudice or to grant a severance and stay the case as to him. (Doc. No. 76.)[1] In moving for reconsideration, counsel for defendant Reyes Castillo explains as follows:

> Defendant Luis Reynaldo Reyes Castillo and two codefendants (Jose Audon Reyes Barrera and Nilson Israel Reyes Mendoza) are charged in this case with assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3) and 2 (count 1) and conspiracy to commit assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(6) (count 2). Docket 1. The charges allege that the defendants committed these offenses in connection with a MS-13 gang "racketeering enterprise." A jury trial is set for June 2, 2020. Docket 52. Attorney Marc Days has been appointed to represent Reyes Castillo in this action. . . .
>
> In an indictment filed April 30, 2019, Reyes Castillo is also charged in the District of Nevada with two other defendants (Miguel Torres-Escobar and David Arturo Perez-Manchame) with murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(1) and 2 (count one); using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (count 2); and causing death through the use of a firearm in violation of 18 U.S.C. § 924(j) and 2 (count 3). *See United States v. Reyes-Castillo, et. al*., D. Nev. No. 2:19-CR-0103-JCM, docket 1. Counts 1 and 3 carry a possible death sentence. In this case, attorney John Balazs represents Reyes-Castillo as "learned counsel" with Las Vegas attorney Richard Wright as lead counsel.
>
> In an initial order filed June 7, 2019, the Nevada district court adopted the parties' proposed complex case schedule for discovery, motions, and a jury trial. D. Nev. No. 2:19-Cr-103-JCM, docket 28. On January 7, 2020, the schedule was amended pursuant to a stipulated motion with the parties agreeing to the setting of a new trial date in Spring 2021. Id., docket 44. Reyes Castillo has been detained in the Nevada Southern Detention Center in Pahrump, Nevada since mid-June 2019. [fn. omitted]
>
> On November 4, 2019, Reyes Castillo moved to dismiss the instant Fresno case without prejudice under Federal Rule of Criminal Procedure 48(b)(3) and the Fifth, Sixth, and Eight Amendments to the U.S. Constitution so that he may proceed and prepare for trial in

---

[1] In that order, the district judge previously assigned to this case stated: "Defendant is requesting relief from the wrong court. Defense counsel agreed to the trial date in this case before the pending indictment was filed in Nevada. This Court does not have the time or resources to try the case before it twice. It is up to the District of Nevada to determine whether the circumstances, including the nature of the proceedings before it and the time required of counsel to prepare for the EDCA case, warrant any further modifications to the Nevada schedule." (Doc. No. 76.)

> his Nevada federal capital case. Docket 70. Alternatively, he moved to sever his Fresno trial from his codefendants' trial and stay proceedings until after his District of Nevada capital case has concluded under Federal Rule of Criminal Procedure 14(a) and the Fifth, Sixth, and Eighth Amendments. A hearing on the motion was noticed for January 10, 2020.
>
> The government opposed the motion and Reyes Castillo filed a reply brief. Dockets 73, 75. The motion was taken off the court's January 10 calendar without notice. In an order filed January 10, 2020, the district court issued a 3-page order denying the motion. Docket 76.
>
> On February 3, 2020, after the assigned district judge took inactive senior status, the court issued an emergency standing order stating that the due to the Eastern District's Caseload Crisis this and other cases would remain unassigned. Docket 77-1. Defendant Reyes Castillo now moves for reconsideration of the district court's order denying his motion to dismiss without prejudice or, alternatively, to sever and stay proceedings until after completion of his Nevada capital case. Reconsideration is appropriate because the district court's initial order misapprehends the defense's position and the court's authority and obligations to control its calendar. Moreover, the court's recent emergency standing order warrants reconsideration of the denial of the motion to dismiss or sever. Finally, even if the Court denies the motion for reconsideration, it should appoint undersigned counsel John Balazs to represent Reyes Castillo as second counsel in this case given the complexity of the case, its practical difficulties, and implications on the defendant's capital case.

(Doc. No. 78 at 3.6.)

Defendant Reyes Castillo essentially moves for reconsideration of the January 10, 2020 order on the grounds that, while the charges against him in this action are certainly serious, his defense team in the case pending against him in the District of Nevada must conduct complex guilt and mitigation investigation and prepare for and participate in the critical and lengthy death penalty authorization process in that case and should not be required to prepare for this trial at the same time. (Doc. No. 78.) Defense counsel point out that they agreed on behalf of their client to a June 2, 2020 trial date in this action before the federal capital charges were filed against Reyes Castillo in the District of Nevada and he was transported to that jurisdiction. (*Id*.) In short, defendant Castillo's counsel contends that neither the defendant nor his counsel should be required to simultaneously defend against both this case and the death penalty eligible case pending against him in the District of Nevada.

/////

3

The government opposed the pending motion for reconsideration on the grounds that neither the prosecution nor the witnesses in this action should be required to try this case twice, militating against a severance. (Doc. No. 79.) In addition, the government points out that any stay of these proceedings being requested by defendant Reyes Castillo would, at this point, essentially be indefinite and therefore inappropriate. (*Id*.)

The undersigned finds merit in the concerns raised by counsel for defendant Castillo. Following the hearing of the pending motion for reconsideration the undersigned also consulted with the district judge presiding over the case pending against defendant Castillo in the District of Nevada and that consultation reinforced the belief that defense counsel's concerns merit serious consideration. Among the realities of this situation as it pertains to defendant Castillo is the fact that the death penalty authorization process is complex. As a practical matter, even if a court were to want it to be, that process cannot be expedited to any significant degree. However, in light of recent events surrounding the world wide COVID-19 pandemic, this court concludes that it need not grant dismissal without prejudice or a severance as to defendant Reyes Castillo at this time.

In this regard, on March 16, 2020 Eastern District of California Chief Judge Kimberly J. Mueller issued General Order 611 continuing all criminal and civil jury trials scheduled before this court between the date of that order and May 1, 2020. On March 18, 2020, Chief Judge Mueller issued General Order 612 which closed all of this court's courthouses to the public from the date of that order through May 1, 2020. In light of these orders, the undersigned is in the process of vacating all trials over which I am presiding through at least May 19, 2020. Of course, the limitations imposed by this court's General Orders 611 and 612 may well be extended as we approach May 1, 2020. In any event, even were this not to occur, in the undersigned's view this case is very unlikely to proceed to trial on the currently scheduled June 2, 2020 trial date. If, for some reason it were, the undersigned would almost certainly grant a renewed motion for severance if the death penalty determination had at that time not yet been made in the case pending against defendant Reyes Castillo in the District of Nevada. On the other hand, the
/////

situation in either case may change over the coming months, making the granting of a severance at this time unnecessary.[2]

Accordingly, defendant Reyes Castillo's motion for reconsideration (Doc. No. 78) is denied without prejudice to the renewal of his motion to dismiss without prejudice or to sever his trial and stay these proceedings as to him, should circumstances develop making renewal of that motion appropriate.

IT IS SO ORDERED.

Dated: **April 13, 2020**

                                           UNITED STATES DISTRICT JUDGE

---

[2] Given the court's view expressed above, it is anticipated that defendant Reyes Castillo's counsel will continue to focus their efforts primarily on the case pending against him in the District of Nevada until it is determined whether the death penalty will be sought as to him in that prosecution. Accordingly, the undersigned also need not grant defendant Reyes Castillo's alternative request that one of his attorneys in the District of Nevada action, John Balazs, be appointed as his co-counsel in this case.

5