McGREGOR W. SCOTT
United States Attorney
KIMBERLY SANCHEZ
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00092-NONE |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| LUIS REYNALDO REYES CASTILLO, JOSE AUDON REYES BERRARA, AND NILSON ISRAEL REYES MENDOZA, | DATE:<br>TIME:<br>COURT: Hon. Dale A. Drozd |
| Defendants. | |

The court previously ordered, pursuant to a stipulation submitted by the parties, that the parties submit a stipulation on or before October 15, 2020, setting a trial date. Defendant REYES-BARRERA filed a motion for bail review that was heard and denied on May 18, 2020. Due at least in part to the pandemic, counsel for REYES-BARRERA needs additional time to engage in discussions with his client regarding the disposition of the case. REYES-BARRERA also wishes to engage in further discussions with the government before agreeing on a trial date, and those discussions are ongoing. The government and codefendants had reached an agreement to propose a November trial date, but have been and are in agreement to wait to select a specific date until REYES-BARRERA decides what date will work for him. Defendants REYES-CASTILLO and REYES-MENDOZA do not oppose extending the time on which to file a stipulation setting a trial date. Additionally, on May 13, 2020, this Court issued General Order 618, which directs that no jurors will be called into the Eastern District of California until further

notice, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19. The parties stipulate and request the Court to Order the trial setting stipulation be filed on or before October 15, 2020.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for the trial setting.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, the parties were to file a stipulation proposing a trial date on or before October 15, 2020.

2. The parties have been engaging in discussions related to a proposed trial date, and require additional time in order to reach an agreement.

3. By this stipulation, defendants now move to extend that date to January 15, 2021 in order to reach a stipulation for a new trial date and scheduling order, and to exclude time from October 15, 2020 to January 15, 2021 under Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

    a) .The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form, which are voluminous in nature.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) The government does not object to the continuance.

    c) In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

- As a result of the public health emergency, defense counsel's trial preparation is inhibited due to limited access to their clients and trial witnesses.

- Defendant Audon Reyes-Barrera had a hearing on his motion for bail review heard and denied on May 18, 2020. Reyes-Barrera desires additional time to engage in internal discussions and discussions with the government before agreeing to a trial date.

- Codefendants do not oppose the extension of time to file a stipulation setting a trial date.

d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 15, 2020 to January 15, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

\\

\\

\\

\\

\\

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  October 9, 2020     McGREGOR W. SCOTT
United States Attorney

/s/ STEPHANIE M. STOKMAN
STEPHANIE M. STOKMAN
Assistant United States Attorney

Dated:  October 9, 2020     /s/ MARC DAYS
MARC DAYS
Counsel for Defendant
Luis Reynaldo Reyes Castillo

Dated: October 9, 2020     /s/ STEVEN CRAWFORD
STEVEN CRAWFORD
Counsel for Defendant
Jose Audon Reyes Berrara

Dated: October 9, 2020     /s/ VIRNA SANTOS
VIRNA SANTOS
Counsel for Defendant
Nilson Israel Reyes Mendoza

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:  __October 13, 2020__      _Dale A. Drozd_
UNITED STATES DISTRICT JUDGE