PHILLIP A. TALBERT
United States Attorney
KIMBERLY SANCHEZ
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00092-JLT-KSO |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| LUIS REYNALDO REYES CASTILLO, AND NILSON ISRAEL REYES MENDOZA, | DATE:<br>TIME:<br>COURT: Hon. Jennifer L. Thurston |
| Defendants. | |

On June 6, 2022, the Honorable Jennifer L. Thurston issued an order upon the parties stipulation to continue a date on which to set a trial to October 20, 2022. The parties reached an agreement to file a stipulation requesting another extension as defendant Reyes Castillo was still in custody in Nevada pending murder charges in the District of Nevada. However, the docket does not reflect that stipulation and proposed order being filed. As such, the parties are filing this request for the Court to extend the time for the parties to set a trial date to June 12, 2023. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, the parties were to file a stipulation proposing a trial date on or before October 20, 2022. The parties had agreed to file a stipulation and proposed order requesting an extension of the time from October 2022 to set a trial, but the stipulation mistakenly was not filed. The parties request the Court's indulgence for the lack of filing a timely stipulation.

2. The parties are still not in a position to agree to a proposed trial date, and require additional time in order to reach an agreement. Defendant Reyes-Castillo is pending multiple racketeering and murder charges in the District of Nevada, and his counsel requests additional time to set trial in the instant matter. Counsel for defendant Reyes Mendoza was appointed on April 20, 2022, and requires additional time to review discovery and conduct any necessary investigation, and agrees with this request.

3. By this stipulation, defendants now move to extend that date to June 12, 2023 in order to reach a stipulation for a new trial date and scheduling order, and to exclude time from October 20, 2022 to June 12, 2023 under Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form, which are voluminous in nature. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

b) The government does not object to the continuance.

c) In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- As a result of the public health emergency, defense counsel's trial preparation is inhibited due to limited access to their clients and trial witnesses.

- Luis Reyes-Castillo, is still in Pahrump jail facing a Superseding Indictment out of the District of Nevada charging him with 9 murders. In January 2022, defense counsel received a substantial amount of supplemental discovery.  Local Las Vegas counsel and undersigned defense counsel are focusing their efforts on those charges and investigating a mitigation submission re the death penalty, and anticipate a conference with DOJ in spring 2023.  A trial is set in the District of Nevada for September 11, 2023.  For those reasons, Reyes-Castillo's defense counsel would rather not disrupt their Nevada case preparation by bringing defendant Reyes-Castillo to Fresno for trial at this time.  While this reason was advanced in the prior filing, it remains a concern.

- Codefendant Reyes Mendoza's counsel still needs additional time to review discovery and conduct any needed additional investigation as he was appointed on April 20, 2022.

d) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 20, 2022 to June 12, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest

of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: February 6, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ KIMBERLY SANCHEZ
KIMBERLY SANCHEZ
Assistant United States Attorney

Dated: February 6, 2023

/s/ JOHN P. BALAZS
JOHN P. BALAZS
Counsel for Defendant
Luis Reynaldo Reyes Castillo

Dated: February 6, 2023

/s/ DAVID A. TORRES
DAVID A. TORRES
Counsel for Defendant
Nilson Israel Reyes Mendoza

**FINDINGS AND ORDER**

IT IS SO FOUND.

IT IS SO ORDERED.

Dated: **February 8, 2023**

UNITED STATES DISTRICT JUDGE