ERIC GRANT
United States Attorney
KIMBERLY A. SANCHEZ
JUSTIN J. GILIO
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:   (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.  1:18-CR-00092-JLT-SAB |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| LUIS REYNALDO REYES CASTILLO, AND NILSON ISRAEL REYES MENDOZA, | |
| Defendants. | |

**STIPULATION**

1.      The government, by and through United States Attorney Eric Grant and Assistant United States Attorneys Kimberly A. Sanchez, Justin J. Gilio and Robert L. Veneman-Hughes, and the defendants Luis Reynaldo Reyes Castillo and Nilson Israel Reyes Mendoza, by and through their counsel of record, John Balazs and Marc Days, and David Torres, hereby stipulate as follows.

2.      Reyes Castillo is detained in the Nevada Southern Detention Center in Pahrump, Nevada, where he is currently in trial on murder charges in *United States v. Reyes*, et. al., No. 2:19-CR-0103-JCM (D. Nev.).  That trial is expected to last multiple weeks.

3.      Reyes Mendoza is out of custody and is not seeking severance on his case from Reyes Castillo.  Moreover, the government and defendant Reyes Mendoza are still engaged in plea negotiations.  The defendant requests the additional time for ongoing investigation, negotiations, and pursuit of a potential pretrial resolution of the case.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

4. Given the vicissitudes of trial, the parties will want some time to meet and confer about case status once Reyes Castillo's trial concludes.

5. The parties ask that this matter be set for a status conference on September 29, 2026, for the reasons set forth herein.

a) Discovery in this case is voluminous, as it involves crimes committed in aid of a racketeering enterprise which in its scope spans multiple years, defendants, locations within this District, districts within this state, states within this countries, as well as foreign nations. Because other acts connected to this enterprise are progressing to trial, including but not limited to defendant Reyes Castillo's ongoing trial, those trials may have an impact on the final evidence produced by either prosecution or defense in this matter.

b) Counsel for the defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

d) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 6, 2026, to September 29, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. Moreover, the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 6, 2026
ERIC GRANT
United States Attorney

/s/ Robert L. Veneman-Hughes
Robert L. Veneman-Hughes
Assistant United States Attorney

Dated:  April 6, 2026
/s/ JOHN P. BALAZS
JOHN P. BALAZS
Counsel for Defendant
Luis Reynaldo Reyes Castillo

Dated: April 6, 2026
/s/ DAVID A. TORRES
DAVID A. TORRES
Counsel for Defendant
Nilson Israel Reyes Mendoza

## FINDINGS AND ORDER

The stipulation for continuance is denied as to September 29, 2026 but granted as to May 20, 2026 at 1:00 pm.  The matter continues to be continued without much progression in the case.  The parties shall be prepared to address a trial plan as this case has been continued through constant stipulations articulating similar rationales, which have not seemed to advance this case towards resolution.  The case is over eight years old.  Defendant Niles Reyes Mendoza is ordered to appear.

For the reasons set forth above, the status conference is continued to May 20, 2026 at 1:00 pm, and time is excluded under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), through and including that date.

IT IS SO ORDERED.

Dated:  **April 30, 2026**

STANLEY A. BOONE
United States Magistrate Judge

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3